City of New York v 1103 HOE LLC (2021 NY Slip Op 03545)





City of New York v 1103 HOE LLC


2021 NY Slip Op 03545


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 32907/19E Appeal No. 14025 Case No. 2020-04193 

[*1]City of New York, Plaintiff-Appellant,
v
1103 HOE LLC, etc., Defendant-Respondent, Mortgage Electronic Registration Systems, Inc., et al., Defendants.


James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered June 10, 2020, which granted defendant 1103 Hoe LLC's motion to dismiss the action to enforce a relocation lien against defendant property to the extent of vacating the notice of lien as to 1103 Hoe LLC and canceling the notice of pendency, unanimously reversed, on the law, without costs, the motion to dismiss denied and the notice of lien reinstated as to 1103 Hoe LLC.
Under the then applicable Administrative Code provisions, plaintiff City properly served and publicly filed a vacate order on the property at issue, which the then owner maintained in an uninhabitable condition. The filing of that order served to place potential purchasers of the property, like defendant 1103 Hoe LLC (LLC), on notice that the vacate order could result in the imposition of a lien against the property for all costs associated with relocating the vacated tenants (see Administrative Code of City of NY § 26-305; § 27-2140[e]). In December 2017, after defendant LLC purchased the property, the City filed and served a notice of a lien in the amount of $52,603.89 on the premises for relocation costs it incurred between April 7, 2015 and January 11, 2017. In October 2019, the City filed this action, which as relevant here, seeks an order that the City is "entitled to foreclose" on the property to satisfy and enforce the relocation lien against the property.
Defendant LLC fails to present a proper basis for the grant of its motion to dismiss the City's complaint and to vacate the valid and timely filed notice of lien. Defendant LLC has not established valid grounds to bar the City from recouping, under the applicable Administrative Code provisions, its relocation expenditures by enforcing, through foreclosure, the relocation lien imposed against the property, which was purchased by defendant LLC with constructive notice provided by the vacate order that the property could become encumbered by a later-filed relocation lien. Further, the protections of Lien Law § 13(5) do not provide a basis for the vacating of a relocation lien under the circumstances here.
The motion court found that defendant LLC's estoppel and fairness arguments were unavailing. Were we to consider them as an alternative basis for affirming its order, we would agree with the motion court. To the extent the LLC challenges the facial
validity of the relocation lien for the first time in its brief on appeal, the challenge is unpreserved, and is otherwise unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2021